**NOT FOR PUBLICATION**

FILED

FEB 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB OSEI TUTU, | No. 05-74027 |
| Petitioner, | |
| v. | Agency No. A096-229-257 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2010[**]
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Jacob Osei Tutu, a native and citizen of Ghana, petitions for review of a

decision by the Board of Immigration Appeals (BIA) affirming the decision of an

immigration judge (IJ) finding him not credible and denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision as the final agency determination, we review the IJ's decision directly. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1118 (9th Cir. 2004). We review for substantial evidence, and will reverse only if the evidence compels the contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). Though we find substantial evidence does not support the IJ's adverse credibility determination, because Tutu did not establish a well founded fear of future persecution, we deny the petition for review.

The IJ found Tutu incredible, citing three major inconsistencies in Tutu's testimony, two minor inconsistencies, and demeanor evidence. First, the IJ's citation of the general lack of detail in Tutu's asylum application, without more, is not substantial evidence necessary to support an adverse credibility finding. *See Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996). Second, because the IJ failed to confront Tutu regarding conflicting accounts of his brothers' deaths, this inconsistency cannot support an adverse credibility finding. *See Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999). Third, because substantial evidence does not support the IJ's other reasons for finding Tutu incredible, supporting documentation is not required. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004).

2

The two minor inconsistencies noted by the IJ cannot alone establish an adverse credibility determination. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003). The unspecific demeanor evidence cited by the IJ similarly fails to support an adverse credibility determination. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003).

When substantial evidence does not support an adverse credibility determination, the petitioner may be deemed credible. *See Shire v. Ashcroft*, 388 F.3d 1288, 1299 (9th Cir. 2004). Here, the IJ also made an alternative finding that, even if Tutu were credible, Tutu did not show a well founded fear of persecution on a countrywide basis. We agree.

Tutu did not show that he would be persecuted by a group whom the government was "unwilling or unable to control" on a country-wide basis. *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000) (quoting *Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir. 1999)). There is no evidence in the record that suggests that the government of Ghana would allow the people of Tutu's hometown to persecute him if he were to relocate within Ghana. Tutu's testimony establishes only that he would potentially be harmed if he were to return to his home.

Tutu failed to meet his burden of establishing eligibility for asylum and, therefore, necessarily failed to satisfy the higher standard for withholding of removal. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004). Because Tutu based his CAT claim on the same evidence of possible harm as his asylum claim, he has not met his burden of showing it is more likely than not he will be tortured if he returns to Ghana. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir. 2004); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003); 8 C.F.R. § 1208.16(c)(2)

Finally, on appeal, Tutu claims that the BIA erred in adopting the IJ's decision, because the IJ was biased. Tutu did not raise this argument before the BIA. Therefore, we do not have jurisdiction to review this argument as it is unexhausted. *See* 8 U.S.C. § 1252(d)(1).

**PETITION FOR REVIEW DENIED.**